UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JEWEL COZART, § | | |
|    *Plaintiff*, § | | |
| § | | |
| V. § | CIVIL ACTION NO. _____ | |
| § | | |
| SOUTHERN LIFE & HEALTH § | | |
| INSURANCE COMPANY and § | | |
| UNITED INSURANCE COMPANY OF § | | |
| AMERICA § | | |
|    *Defendants*. § | | |

## DEFENDANT UNITED INSURANCE COMPANY OF AMERICA'S NOTICE OF REMOVAL

Defendant United Insurance Company of America ("United Insurance")[1] files this Notice of Removal and respectfully shows the following:

## I. BACKGROUND

1.1   This case arises out of the alleged denial of death benefits and accidental death benefits associated with the suicide of Nathaniel Cozart ("Deceased") on or about May 6, 2019, which are alleged to be owed under an insurance policy originally issued by Southern Life & Health Insurance Company ("Southern Life") and later assumed by United Insurance.

1.2   On November 25, 2019, Plaintiff Jewel Cozart ("Plaintiff") filed this lawsuit in Rusk County, Texas, against Southern Life, alleging causes of action for breach of contract and violations of Chapters 541 and 542 of the Texas Insurance Code. *See* Exh. C, *Plaintiff's Original Petition*, filed November 25, 2019 ("Pet.") at 2-3. Southern Life was served via its registered agent on or about November 30, 2019, but has not yet filed an answer.

---

[1] United Insurance Company of America was originally identified as "Kemper Life" in Plaintiff's First Amended Petition. *See* Exh. F. This was corrected in Plaintiff's Second Amended Petition. *See* Exh. J.

1.3     On December 17, 2019, Plaintiff filed her First Amended Original Petition, which added United Insurance as a defendant. *See* Exh. F, *Plaintiff's First Amended Original Petition*, filed December 17, 2019 ("Amd. Pet."). However, Plaintiff improperly identified United Insurance as "Kemper Life". Plaintiff's Amended Petition alleged that the policy was "issued" by Southern Life and "underwritten" by United Insurance. *Id.* at 3. In addition to the claims against Southern Life, Plaintiff alleged causes of action for breach of contract and violations Chapters 541 and 542 of the Texas Insurance Code against United Insurance. *Id.*

1.4     Plaintiff served United Insurance through the Texas Department of Insurance on December 23, 2019, which was delivered to United Insurance on January 9, 2020. *See* Exh. G at 1, 3.

1.5     United Insurance timely filed its original answer on January 21, 2020. *See* Exh. H. Southern Life has not yet answered in state court.

1.6     After United Insurance filed its answer, Plaintiff filed her Second Amended Original Petition to correct the identification of United Insurance. *See* Exh. J, *Plaintiff's Second Amended Original Petition*, filed January 21, 2020 ("Sec. Amd. Pet."). Again, Plaintiff alleged causes of action against United Insurance for breach of contract and violations Chapters 541 and 542 of the Texas Insurance Code against United Insurance. *Id.* at 3. According to the Second Amended Petition, Plaintiff seeks actual damages, treble and exemplary damages, statutory penalties, costs, expenses, pre- and post-judgment interest, and attorneys' fees. *Id.* at 4.

1.7     United Insurance files this notice of removal within 30 days of receiving Plaintiff's initial pleading. *See* 28 U.S.C. § 1446(b). In addition, this Notice of Removal is being filed within one year of the commencement of this action. *See id.*

1.8     As required by Local Rule CV-81 and 28 U.S.C. § 1446(a), simultaneously with the filing of this Notice of Removal, attached hereto as Exhibit A is an Index of State Court documents. A copy of the Civil Docket Sheet is attached as Exhibit B. A copy of Plaintiff's Original Petition is attached as Exhibit C, a copy of the Citation for Southern Life is attached as Exhibit D, and a copy of the return of service for Southern Life is attached as Exhibit E. A copy of Plaintiff's First Amended Original Petition is attached as Exhibit F, and a copy of the Citation for United Insurance (improperly identified as "Kemper Life") is attached as Exhibit G. A copy of United Insurance's Original Answer is attached as Exhibit H, A list of parties and counsel and case status is attached as Exhibit I. Plaintiff's Second Amended Original Petition is attached as Exhibit J. Southern Life's Consent to Removal is attached as Exhibit K. A copy of this Notice is also being filed with the state court and served upon the Plaintiff.

1.9     Venue is proper in this Court under 28 U.S.C. § 1441(a) because this district and division embrace Rusk County, Texas, the place where the removed action has been pending.

## II.
## BASIS FOR REMOVAL

2.1     Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a), 1441(a), and 1446. This is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

**A.     The Proper Parties Are Of Diverse Citizenship**

2.2     Plaintiff is and was at the time the lawsuit was filed, a resident and citizen of Texas. *See* Exh. J, Sec. Amd. Pet. at 2.

2.3     Southern Life is and was at the time the lawsuit was filed, a stock insurance company incorporated in the State of Wisconsin with its principal place of business in Birmingham, Alabama. Accordingly, it is a citizen of Wisconsin and Alabama.

2.4     Both at the time the lawsuit was originally filed, and at the time of removal, United Insurance was a corporation incorporated in the State of Illinois with its principal place of business in Chicago, Illinois. Accordingly, United Insurance is a citizen of the State of Illinois.

2.5     Because Plaintiff is a citizen of Texas, Southern Life is a citizen of Wisconsin and Alabama, and United Insurance is a citizen of Illinois, complete diversity of citizenship exists among the parties.

**B.     The Amount in Controversy Exceeds $75,000.00**

2.6     This is a civil action in which the amount in controversy exceeds the jurisdictional limits of $75,000.00. In determining the amount in controversy, the Court may consider, "penalties, statutory damages, and punitive damages." *St Paul Reinsurance Co, Ltd v Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v State Farm Lloyds*, No. 3:98-CV-1288-G, 1999 WL 151667, at *2-3 (N.D. Tex. 1999) (finding sufficient amount in controversy in plaintiff's case against the insurer for breach of contract, bad faith, violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act, and mental anguish).

2.7     Plaintiff alleges causes of action against both Southern Life and United Insurance for breach of contract based on their alleged failure to pay benefits owned under the policy and violations of Chapters 541 and 542 of the Texas Insurance Code. *See* Exh. J, Sec. Amd. Pet. at 3-4. She also alleges that she has sustained mental anguish and emotional distress from the defendants' conduct for which see seeks damages. *Id.* at 4. Plaintiff seeks to recover actual damages for the alleged non-payment under the policy and rider, treble damages, exemplary damages, statutory penalties, costs, expenses, pre- and post-judgment interest, and attorneys' fees. *Id.* In an improper attempt to circumvent federal diversity jurisdiction, the Second

Amended Petition claims that Plaintiff seeks a maximum amount of $74,999.99.[2] *Id.* However, no binding stipulation was provided. *See id.* Nor has one been filed. Therefore, the total amount in controversy exceeds $75,000. *See, e.g., Martinez v. Liberty Ins. Corp.*, No. CV H-19-3956, 2019 WL 6894497, at *3 (S.D. Tex. Dec. 18, 2019) (denying a motion to remand when the plaintiff pleaded that he sought a maximum of $74,000 but failed to file a binding stipulation); *Hogg v. Rust Indus. Cleaning Servs., Inc.*, 896 F. Supp. 655, 657 (E.D. Tex. 1995) (explaining that removal is proper, in part, when the plaintiff "has not shown that it is legally certain that his recovery will not exceed the amount stated in the state complaint") (citation omitted).

### III.
### REMOVAL IS PROCEDURALLY CORRECT

3.1   Plaintiff served United Insurance through the Texas Department of Insurance on December 23, 2019, which was delivered to United Insurance on January 9, 2020. Accordingly, United Insurance files this Notice of Removal within the thirty-day time period required by 28 U.S.C. § 1446(b).

3.2   Venue is proper in this District and Division under 28 U.S.C. § 1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claim allegedly occurred in this District and Division.

---

[2] Notably, Plaintiff claims to plead this amount pursuant to Rule 47 of the Texas Rule of Civil Procedure. Exh. J, Sec. Amd. Pet. at 4. However, the Texas Rules of Civil Procedure do not permit plaintiffs to request a specific amount of damages beyond one of the ranges outlined in Rule 47. *See* Tex. R. Civ. P. 47. Accordingly, as recently observed by one federal court in a very similar situation, "when a plaintiff alleges in his Texas state court petition that his claim does not exceed $75,000, his pleading contravenes Texas rules and is an attempt to circumvent federal diversity jurisdiction." *Martinez*, 2019 WL 6894497, at *2. "Furthermore, alleged damages stated in a Texas state court petition cannot prove that the amount in controversy does not exceed that amount as a legal certainty because plaintiffs may supersede those allegations with amended pleadings." *Id.* (citing *Sosa v. Central Power & Light*, 909 S.W.2d 893, 895 (Tex. 1995) ("Contrary to statements in live pleadings, those contained in superseded pleadings are not conclusive and indisputable judicial admissions.")).

3.3     All defendants who have been properly joined and served join in or consent to the removal of this case to federal court. 28 U.S.C. § 1446(b)(2)(A), (C). Specifically, Southern Life has consented to removal of this suit to federal court. *See* Exh. K. at 1.

3.4     Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

3.5     Pursuant to 28 U.S.C. § 1446(d), promptly after United Insurance files this Notice, written notice of the filing will be given to Plaintiff, the adverse party. Additionally, notice will be provided to Southern Life, which has been served but not yet answered in state court.

3.6     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the clerk of the state court.

## IV.
## CONCLUSION

Based upon the foregoing, and other documents filed contemporaneously with this Notice of Removal, which are incorporated by reference, Defendants United Insurance Company of America hereby removes this case to this court for trial and determination.

Respectfully submitted,

*/s/ Harrison H. Yoss*
Harrison H. Yoss
Texas Bar No. 22169030
hyoss@thompsoncoe.com
Matthew J. Kolodoski
State Bar No. 24081963
mkolodoski@thompsoncoe.com

Thompson, Coe, Cousins & Irons, L. L. P.
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:	(214) 871-8200
Fax:	(214) 871-8209

**ATTORNEYS FOR DEFENDANT
UNITED INSURANCE COMPANY OF
AMERICA**

## CERTIFICATE OF SERVICE

I hereby certify that on the January 22, 2020, a true and correct copy of the foregoing instrument was served via the Court's electronic notification system on the following counsel of record and/or facsimile transmission and/or certified mail, return receipt requested and/or First Class U.S. Mail:

James A. Holmes
The Law Office of James Holmes, P.C.
212 South Marshall
Henderson, Texas 75654
jh@jamesholmeslaw.com
*Attorney for Plaintiff Jewel Cozart*

Southern Life & Health Insurance Company
600 University Park Place, Suite 300
Birmingham, AL 35209
*Defendant Southern Life & Health
Insurance Company*

	*/s/ Matthew J. Kolodoski*
	Matthew J. Kolodoski